■ LINDNER FUND, INC., Respondent, v WALDBAUM, INC., et al., Appellants.—In an action to recover damages for breach of a fiduciary duty, the defendants appeal from so much of an order of the Supreme Court, Nassau County (Malloy, J.), dated August 16, 1990, as denied their renewed motion to dismiss the complaint, in effect, for failure to state a cause of action, or for summary judgment.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the defendants' motion is granted, and the complaint is dismissed.

The plaintiff Lindner Fund, Inc. (hereinafter Lindner), is a public mutual fund which pools the investment funds of a large number of individuals. Between November 14, 1986 and November 26, 1986, Lindner sold 49,500 shares of Waldbaum, Inc. (hereinafter Waldbaum) common stock at prices ranging between $24 and $26 per share.

After the close of the stock market on November 26, 1986, the Great Atlantic & Pacific Tea Company, Inc. (hereinafter A&P) announced its plan to purchase a controlling interest in Waldbaum. In order to effectuate this acquisition, the directors of A&P and Waldbaum formed a partnership entitled "APW Partners" (hereinafter APW). On November 26, 1986, APW purchased Waldbaum family-member stock at a price of

$50 per share. Thereafter, APW made a tender offer to purchase the outstanding shares of Waldbaum common stock at $50 per share.

In July 1989 Lindner commenced this action against Waldbaum, A&P, and Waldbaum's directors, Ira Waldbaum and Aaron Malinsky, alleging that the defendants had reached an agreement with respect to the acquisition plan prior to November 26, 1986. As such, Lindner argued, the defendants breached their fiduciary duties owed to public stockholders when they failed to make a public announcement of the impending sale of the Waldbaum stock at $50 per share as soon as the agreement was reached. As a result of the defendants' conduct, Lindner claimed to have sustained over $1,000,000 in damages.

The defendants, in their motion to dismiss the complaint, in effect, for failure to state a cause of action, or for summary judgment, argued that controlling stockholders do not have an affirmative duty to publicly disclose an agreement to sell their stock absent (1) a statutory disclosure obligation, (2) a previous inaccurate, incomplete, or misleading public statement, or (3) insider trading.

The Supreme Court denied the defendants' motion. Although the court acknowledged that Lindner failed to allege the existence of any of the three conditions which give rise to a duty of public disclosure, the court held that the defendants had a duty to publicly disclose their acquisition plan once they reached an "agreement in principle" with respect to that plan.

On appeal, the defendants argue that the court improperly denied their motion to dismiss the complaint since an "agreement in principle" does not create an affirmative duty to publicly disclose material information absent one of the three conditions which give rise to such a duty. We agree. Neither Federal securities laws nor New York State law requires a corporation to publicly disclose an acquisition agreement once the corporation reaches an "agreement in principle" with respect to that transaction.

Under Federal securities laws, corporate directors do not have an affirmative duty to publicly disclose all material information absent (1) insider trading, (2) a statute or regulation requiring disclosure, or (3) an inaccurate, incomplete, or misleading prior disclosure *(see, Roeder v Alpha Indus.,* 814 F2d 22 [1st Cir]; *Glazer v Formica Corp.,* 964 F2d 149 [2d Cir]). An "agreement in principle", in and of itself, does not create a duty of public disclosure, without one of the prerequisite

conditions giving rise to such a duty *(see, Glazer v Formica Corp., supra; Staffin v Greenberg,* 672 F2d 1196 [3d Cir]; *Kronfeld v Trans World Airlines,* 832 F2d 726, *cert denied* 485 US 1007).

Further, under New York State corporate law, the individual defendants, as directors and controlling shareholders of Waldbaum, did not owe Lindner a fiduciary duty to publicly disclose their plan to sell their Waldbaum stock *(see,* 14 NY Jur 2d, Business Relationships, § 588; *Gerdes v Reynolds,* 28 NYS2d 622 [Sup Ct, NY County, Walter, J.]). Thus, neither Waldbaum nor A&P can be held liable to Lindner for the actions of the individual defendants.

Therefore, there is no basis, under Federal securities laws or New York State law, to hold the defendants liable for their failure to publicly disclose the acquisition plan prior to the date of the public announcement. As such, the order appealed from should be reversed insofar as appealed from, the defendants' motion granted, and the complaint dismissed. Thompson, J. P., Rosenblatt, Lawrence and Miller, JJ., concur.